# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:16-cv-01663-AWI-SAB |
|---|---|
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST TO PERMIT ALTERNATIVE SERVICE WITHOUT PREJUDICE |
| v. | |
| JAMES W INGRAM, | (ECF No. 8) |
| Respondent. | |

Petitioner United States of America filed a petition to enforce an Internal Revenue Service ("IRS") summons on November 2, 2016. (ECF No. 1.) On November 7, 2016, an order issued requiring Respondent James W. Ingram to show cause why the IRS summons should not be enforced. (ECF No. 4.) On January 6, 2017, Petitioner filed a motion to permit alternative service. (ECF No. 8.)

Petitioner argues that Rule 81 of the Federal Rules of Civil Procedure makes the application of the Rules of Civil Procedure discretionary with the district court and requests that the court approve alternate service in this action. Plaintiff seeks to have the Court find that service in this action was effectuated by leaving a copy of the summons attached to the Respondent's front door and mailing a copy to the Respondent's address by regular mail with a certified mail return receipt requested.

In an action to enforce an IRS summons the district court acquires personal jurisdiction

over the taxpayer by service of the show cause order and the petition for enforcement of the summons. United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993). Service of the show cause order "must be made in compliance with Rule 4 of the Federal Rules of Civil Procedure." Gilleran, 992 F.2d at 233; see also United States v. Wen-Bing Soong, 650 F. App'x 425, 428 (9th Cir. 2016) (unpublished) (analyzing service of similar action under Rule 4 of the Federal Rules of Civil Procedure). Rule 4 "was designed "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." Elec. Specialty Co. v. Rd. & Ranch Supply, Inc., 967 F.2d 309, 314 (9th Cir. 1992) (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)).

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for the manner of service on an individual. Rule 4(e) states that an individual may be served by following state law for service of the summons in the state where the court is located or by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2).

Under California law, an individual may be served by delivering a copy of the summons and of the complaint to the person to be served. Cal. Civ. Proc. Code. § 415.10. In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on an individual by substituted service which requires leaving the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address in the presence of a competent member of the household or a "person apparently in charge" and thereafter mailing a copy of the summons and of the complaint to the defendant at that same place the summons and complaint were left. " 'Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' " Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal.1995) (quoting Bein v. Brechtel–Jochim Group, Inc., 6 Cal.App.4th 1387, 1390 (1992) (citing Espindola v. Nunez, 199 Cal.App.3d 1389, 1392 (1988)).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  While the Federal Rules of Civil Procedure apply to summary proceedings, they are not inflexible. United States v. Church of Scientology of California, 520 F.2d 818, 821 (9th Cir. 1975).  The district court can limit their application in summary proceedings so long as the rights of the party summoned are protected and an adversary hearing is provided if requested. Id.; see Fed. R. Civ. P. 81(a)(5) (As, relevant here, the Federal Rules of Civil Procedure apply to proceedings to compel production of documents by a subpoena issued by a United States officer or agency under a federal statues except as otherwise provided by court order.)

In this instance, Revenue Officer Danielle Moser has attempted to serve Respondent on three occasions at his last known address.  On November 22, 2016, an individual answered the door and stated that Respondent was not available.  (Decl. of Revenue Officer Danielle Moser ¶ 4, ECF No. 8-2.)  The summons was not left with that individual.  On December 2, 2016, the respondent's vehicle was parked in the driveway, but there was no response to repeated knocking at the door.  (Id.)  A third attempt was made to personally serve the respondent on December 28, 2016.  (Id.)

While the Court is sympathetic with the frustration of unsuccessful attempts to serve the respondent in this action, the attempts at service are not found to be sufficient to satisfy the requirement for personal service under Rule 4(e).  "Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1136 (9th Cir. 2009); see also Doe v. Qi, 349 F. Supp. 2d 1258, 1274 (N.D. Cal. 2004) (service proper where defendant refused to accept documents but was informed that he was served); United States v. Halajian, No. 115CV00632LJOEPG, 2015 WL 7566965, at *4 (E.D.

Cal. Nov. 24, 2015) (service papers dropped at defendant's feet when he refused to accept them).

Here, there is no indication that the respondent has received notice of this action. While the door was answered by an unidentified individual on November 22, 2016, there is no indication that this individual was informed that a suit was proceeding and service was being attempted on the respondent. On December 2, 2016, a vehicle was present at the residence, but the declarant does not state that anyone was seen or heard inside the residence. Finally, no information was provided regarding the service attempt on December 28, 2016. Based on the information before the Court, no contact has been made with the respondent nor is there sufficient information to indicate that he is aware of this suit and attempting to evade service.

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion to permit alternative service is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 9, 2017**

UNITED STATES MAGISTRATE JUDGE

4