1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:16-cv-01663-AWI-SAB |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PETITION TO ENFORCE IRS SUMMONS BE GRANTED |
| v. | |
| JAMES W INGRAM, | (ECF No. 1) |
| Respondent. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Petitioner United States of America's petition to enforce an Internal Revenue Service ("IRS") summons on November 2, 2016.  (ECF No. 1.)  For the reasons set forth below, the Court recommends that Petitioner's petition to enforce the IRS summons be granted.

**I.**

**BACKGROUND**

The petition alleges that Internal Revenue Service ("IRS") Revenue Officer Danielle Moser is conducting an investigation of Respondent James W. Ingram concerning individual federal income taxes for years ending December 31, 2009, December 31, 2013, and December 31, 2014.  On January 27, 2016, Ms. Moser issued two IRS summonses directing Respondent to testify and produce certain documents related to the investigation on February 24, 2016 at the

1    IRS's office in Fresno, California.   On January 27, 2016, Ms. Moser left a copy of the

2    summonses at the last and usual place of abode for Respondent, 1744 E. Caldwell Ave., Visalia,

3    CA 93292.   Respondent did not appear on February 24, 2016, or otherwise respond to the

4    summonses.

5         On November 2, 2016, the instant petition was filed to enforce the IRS summonses.   On

6    November 7, 2016, an order issued requiring Respondent to show cause why he should not be

7    compelled to obey the IRS summonses issued on January 27, 2016.   On January 12, 2017, a

8    certificate of service was filed showing that Respondent was personally served on January 11,

9    2017.   Respondent has not responded to the November 7, 2016 order.

10                                        **II.**

11                                **LEGAL STANDARDS**

12        Pursuant to 26 U.S.C. § 7602, the IRS has authority to issue summonses to investigate tax

13   returns and tax liabilities.   Enforcement of IRS summonses is governed by 26 U.S.C. § 7604,

14   which states, in pertinent part:

15        Whenever any person summoned under section 6420(e)(2), 6421(g)(2),
         6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce
16       books, papers, records, or other data, or to give testimony, as required, the
         Secretary may apply to the judge of the district court or to a United States
17       commissioner for the district within which the person so summoned resides or is
         found for an attachment against him as for a contempt. It shall be the duty of the
18       judge or commissioner to hear the application, and, if satisfactory proof is made,
         to issue an attachment, directed to some proper officer, for the arrest of such
19       person, and upon his being brought before him to proceed to a hearing of the case;
         and upon such hearing the judge or the United States commissioner shall have
20       power to make such order as he shall deem proper, not inconsistent with the law
         for the punishment of contempts, to enforce obedience to the requirements of the
21       summons and to punish such person for his default or disobedience.

22   26 U.S.C. 7604(b).   Jurisdiction of this Court to enforce summonses is expressly provided under

23   26 U.S.C. § 7402(b) and 7602(a).   In issuing an IRS summons:

24       ...the [government] need not meet any standard of probable cause to obtain
         enforcement of his summons, either before or after the three-year statute of
25       limitations on ordinary tax liabilities has expired.   He must show that the
         investigation will be conducted pursuant to a legitimate purpose, that the inquiry
26       may be relevant to the purpose, that the information sought is not already within
         the Commissioner's possession, and that the administrative steps required by the
27       Code have been followed....

28

                                          2

1   U.S. v. Powell, 379 U.S. 48, 57-58 (1964).  "The government's burden is a slight one, and may

2   be satisfied by a declaration from the investigating agent that the Powell requirements have been

3   met."  U.S. v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993) (citing U.S. v. Abrahams, 905

4   F.2d 1276, 1280 (9th Cir. 1990); Liberty Financial Servs. v. U.S., 778 F.2d 1390, 1392 (9th Cir.

5   1985)).  "Once the prima facie case is made, a 'heavy' burden falls upon the taxpayer to show an

6   abuse of process ... or lack of institutional good faith."  Id. (citations omitted).  "The burden [on

7   the government] is minimal 'because the statute must be read broadly in order to ensure that the

8   enforcement powers of the IRS are not unduly restricted.'"  Crystal v. U.S., 172 F.3d 1141, 1144

9   (9th Cir. 1999) (quoting Liberty Fin. Servs. v. U.S., 778 F.2d 1390, 1392 (9th Cir. 1985)).

10                                      **III.**

11                                **DISCUSSION**

12          "A prima facie case of good faith typically is made through the introduction of the sworn

13   declaration of the revenue agent who issued the summons."  United States v. Gilleran, 992 F.2d

14   232, 233 (9th Cir. 1993).  In this instance, Ms. Moser has submitted a declaration stating that the

15   purpose of the investigation is to investigate Respondent's tax liabilities for the taxable years

16   ending in December 2009, December 2013, and December 2014.  The material sought is not

17   already in the possession of the IRS and is necessary to determine the existence and amounts of

18   tax liabilities for the taxable years ending in December 2009, December 2013, and December

19   2014.

20          Ms. Moser stated that she was authorized to issue the summonses and all the requisite

21   administrative steps required by the Internal Revenue Code for issuance of the summonses has

22   been taken.  Petitioner has met its burden of meeting the Powell requirements and the Court finds

23   that the IRS summonses were issued for the legitimate purpose of investigating Respondent's tax

24   liabilities.

25          As Respondent has not challenged the issuance of the summonses, he has not met his

26   burden to show an abuse of process or a lack of institutional good faith.  Dynavac, Inc., 6 F.3d at

27   1414.  Accordingly, the Court recommends that the petition to enforce the IRS summonses be

28   granted.

**IV.**

**CONCLUSION AND ORDER**

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1.      Petitioner's petition to enforce the IRS summons be GRANTED; and

2.      The United States is directed to promptly serve a copy of this findings and recommendations on Respondent and to file a proof of service with the Court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 16, 2017**    _____

UNITED STATES MAGISTRATE JUDGE

4