MCGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2741
Facsimile:   (916) 554-2900
Email:  Kelli.L.Taylor@usdoj.gov

Attorneys for Petitioner United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES W. INGRAM,<br><br>　　　　　　　　　Respondent. | **1:16-CV-01663-AWI-SAB**<br><br>**ORDER FOLLOWING ARREST FOR CIVIL CONTEMPT** |

On October 4, 2017, Respondent James Ingram was ordered to appear before the Honorable District Judge on November 6, 2017, and show cause why (1) he should not be held in civil contempt for his failure to comply with the Order filed March 10, 2017 directing him to comply with the I.R.S. Summonses issued on January 27, 2016 and (2) he should not be incarcerated and ordered to pay a daily fine until he complies with the Order, and ordered to pay a compensatory fine to the United States.  Respondent failed to appear on November 6, 2017 as ordered.  ECF 23.  Accordingly, on November 9, 2017, an Order was issued finding Respondent in civil contempt of orders filed March 10, 2017, and October 4, 2017.  ECF 25.  An arrest warrant was issued on November 9, 2017.  ECF 26.  On January 12, 2017 Respondent was arrested.  On January 16, 2017, Respondent appeared in custody before this court following his arrest and contempt order.

After conferring with his attorney, Matthew Owdom, Esq., and counsel for the United States, Respondent agreed that on or before February 15, 2018, he would provide Revenue Office D. Moser, at 2525 Capitol Street, Suite 205, Fresno, CA 93721, copies of the following financial statements:

(1) Completed Form 433a;

(2) Copies of bank statements for all accounts held for the past 12 months;

(3) Copies of billings and invoices for work performed for the past 12 months;

(4) List of all real property. If no real property is owned, a copy of rent/lease agreements to include proof of payments;

(5) Copies of all vehicle statements showing current amount owed and lienholder;

(6) A list of investments to include IRA accounts, 401K accounts, trusts, stocks, bonds, and all business affiliations; and

(7) Copies of all life insurance policies.

Respondent further agreed to do the following:

1. File overdue tax returns for 2006-2016 by March 18, 2018;

2. File tax returns for 1996-2005 by April 15, 2018; and

3. File tax returns for 1990-1995 by May 18, 2018.

Respondent also agreed to timely file his 2017 tax return by April 15, 2018.

Because of Respondent's agreement to provide the above-referenced information on the dates set forth above, the United States did not oppose his release from custody following the court's January 16, 2018, hearing.

A further hearing on this matter has been scheduled for 9:30 a.m. on March 21, 2018, before the undersigned. If Respondent has been communicating with Revenue Officer Moser and has provided the specified financial information and returns, the parties may vacate that hearing.

"Once a party has been found in contempt a court may issue a number of civil contempt sanctions, including a per diem fine, compensatory fine, and coercive confinement." *U.S. v. Khanh Tung Luong,* 2009 WL 4282101 (EDCA Nov. 19, 2009), *citing United States v. Ayers*, 166 F.3d 991, 995 (9th Cir, 1999) (upholding a district court's award of fines for contempt of an order enforcing an IRS summons). This court thus has the "power to make such order as [s]he shall deem proper, not

inconsistent with the law for punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience." 26 USC section 7604, *see also* EDCA Local Rule 302(c)(9).

Although this Court may imprison a non-compliant party, *see S.E.C. v. Elmas Trading Corp.,* 824 F.2d 732 (9th Cir. 1987) (holding that the district court did not abuse its discretion in adjudging party in civil contempt and ordering him incarcerated until he produced the specified documents), the court finds that good cause exists to approve the parties' agreement that Respondent Ingram be released based on his assurances that the specified documents will be timely provided pursuant to the schedule set forth herein.

Based on the parties' agreement, and good cause appearing,

IT IS SO ORDERED.

Dated: __**January 19, 2018**__  /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE

**[PROPOSED] ORDER FOLLOWING ARREST FOR CIVIL CONTEMPT**